UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-161-H

GALE THOMASON                                                                                           PLAINTIFF

V.

SHANNON HARRIS, et al.                                                                            DEFENDANTS

**MEMORANDUM OPINION**

Defendants, Shannon Harris, Brad Harris, Jerold Bennett, have moved for summary judgment on Plaintiff's claims under 28 U.S.C. § 1983. Ironically, the case arises from the officers' attempts to protect Plaintiff from hurting herself. Plaintiff was subsequently charged with related criminal violations and entered an *Alford* plea. Defendants moved for summary judgment in Plaintiff's instant civil case based upon the resolution of those related criminal charges.

I.

On June 16, 2004, several metro police officers, including Officers Shannon Harris, Brad Harris, and Jerold Bennett, responded to 5302 Bulrush Court, Apartment #3 to investigate a previous incident involving allegations that Plaintiff threatened individuals at a tanning salon. At that time, "Plaintiff was suffering from a severe psychotic episode and was observed by members of the Metro Police Department as having a knife." Plaintiff did not comply with requests to put down her knife. At this time, Plaintiff presented no direct danger to others, but only perhaps to herself. The police decided to enter her "apartment to check on [her] well-

being." The officers obtained a key provided from the apartment maintenance man. Plaintiff resisted when the officers attempted to open the door. As the police did effect an entry, they perceived that Plaintiff was threatening them with the knife. According to the officers, when Plaintiff attempted to strike them, Officer Shannon Harris fired one shot striking her.

As a result of this incident, Plaintiff was charged with two counts of Assault in the Third Degree. Thereafter, Plaintiff has filed this lawsuit alleging a violation of her Fourth and Fourteenth Amendment rights. On April 18, 2006, Plaintiff entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) on both the criminal charges.

II.

A claim pertaining to a specific constitutional provision such as the Fourth Amendment, is "analyzed under the standard appropriate to that specific provision and not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). Any claim regarding the constitutional implications of a search or a seizure should be analyzed under the Fourth, not the Fourteenth, Amendment. Excessive force challenges are also properly analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

An initial question presented is whether Plaintiff's *Alford* plea to the charge of assault in the third degree bars her § 1983 excessive force claim. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that § 1983 plaintiffs are barred from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence. This rule is easier to state than to apply. The Sixth Circuit recently addressed the scope of *Heck* in *Cummings v. City of Akron*, 418 F.3d 676 (6th Cir. 2005). In *Cummings*, the plaintiff filed a civil rights claim against police officers for the use of excessive force under § 1983. Before his

2

federal claim was filed, the plaintiff pleaded no contest in state court to assaulting one of the officers during the course of the same struggle that formed the basis of his § 1983 claim. The Sixth Circuit held that *Heck* precluded the excessive force claim because it was "inextricably intertwined" with his assault conviction and because the plaintiff could have raised the excessive force claim as a defense in his criminal proceedings, but instead chose not to contest the charge. *Id.* at 683.

This Court concludes that the *Cummings* decision is indistinguishable in its material aspects from this case. Just like the plaintiff in *Cummings*, the Plaintiff in this case was convicted of assaulting an officer during the course of his arrest and now claims that the officers who conducted that arrest used excessive force. The fact that the Plaintiff entered an *Alford* plea, not a no-contest plea, is not important here. *Pettiway v. Commonwealth*, 860 S.W.2d 766, 767 (Ky. 1993) ("An Alford plea is a 'plea of guilty,' regardless of any denial of underlying facts, and clearly constitutes a criminal conviction."); *see also United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("[T]here is no difference in the requirements of Fed. R. Crim. P. 11(f) for a defendant who pleads guilty and admits to acts constituting the crime and a defendant who pleads guilty but who either 1) affirmatively protests his innocence or 2) refuses to admit to acts constituting the crime; that is, either of the two possible *Alford*-type guilty pleas.").

The problem is that to prevail on his excessive force claim, the Plaintiff must prove that the officers' decision to shoot her was objectively unreasonable. *See, e.g.*, *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). There are two ways in which he might try to do so. First, she might try to argue that he never physically threatened the officers, which would flatly contradict her conviction for assaulting an officer. Second, she might try to argue that the force used by the

3

officers was not reasonably necessary. This second claim would imply the invalidity of her conviction because it would imply that she acted in self-defense, which is a justification defense under Kentucky law. The requirements for a self-defense claim are set out in Ky. Rev. Stat. § 503.050. That section states that "[t]he use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person." Id. Where an arresting officer uses more force than reasonably necessary to effect an arrest, the physical force he uses is "unlawful" within the meaning of Ky. Rev. Stat. § 503.050, meaning that the Plaintiff's use of force may have been justified.[1] Cf. Ky. Rev. Stat. § 503.060 ("The use of physical force by a defendant upon another person is not justifiable when . . .. The defendant is resisting an arrest by a peace officer, recognized to be acting under color of official authority and using no more force than reasonably necessary to effect the arrest, although the arrest is unlawful."). For these reasons, to allow Plaintiff's excessive force claim to proceed, alleging the use of unreasonable force, would imply that her conviction was invalid and is accordingly barred by *Heck*. To do so would be directly contrary to the policy established in *Heck* and explained further in *Cummings*.

---

[1] The Court recognizes that there is a third potential claim that would not necessarily imply the invalidity of the Plaintiff's conviction for assaulting an officer. The Plaintiff could admit that she had no legal justification for wielding the knife but nevertheless claim that the officers were unreasonable in shooting her in response. Perhaps, this explains the recent confusion in the Sixth Circuit on the issue. *Compare Lamar v. Beymer*, 2005 WL 2464178, 2005 U.S. Dist. LEXIS 22500 (W.D. Ky. 2005) (holding that *Heck* bars an excessive force claim where the plaintiff entered an *Alford* plea to third degree assault) *with Teague v. Cole*, 2006 WL 709581, 2006 U.S. Dist. LEXIS 11787 (W.D. Ky. 2006) (holding that *Heck* does not bar an excessive force claim where the plaintiff entered an *Alford* plea to assaulting an officer). Nevertheless, the Court concludes that the facts are indistinguishable from *Cummings* and accordingly the Court is bound by that judgment.

III.

Plaintiff also alleged a violation of her Fourth Amendment rights based upon the officers' entry into her home.  During her guilty plea, Plaintiff acknowledged the officers entered her home under exigent circumstances - to check on her "well-being."  "Exigent circumstances exist where there are 'real immediate and serious consequences' that would certainly occur were a police officer to 'postpone[] action to get a warrant.'" *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002) quoting *O'Brien v. City of Grand Rapids*, 23 F.3d 90, 997 (6th Cir. 1994).  In this case, it is undisputed that "Plaintiff was suffering from a severe psychotic episode and was observed by members of the Metro Police Department as having a knife."

In Kentucky, issue preclusion may apply against a party to a prior suit even though the parties in the subsequent law suit are not identical to the parties in the prior action." *Donovan v. Thomas*, 105 F.3d 291, 295 (6th Cir. 1997).  Further, Kentucky "has held that 'under proper circumstances, a criminal conviction may be used for purposes of collateral estoppel in later civil proceedings.'" *Donovan*, 105 F.3d at 295 quoting *Gossage v. Roberts*, 904 S.W.2d 246, 248 (Ky. App. 1995).  In this instance the factual admissions during the plea, not the plea itself, collaterally estopped Plaintiff from taking the opposite position in a civil case.  Therefore, Plaintiff is collaterally estopped from challenging the legality of the entry into her home because during her plea to the assault charges she acknowledged that the officers lawfully entered her home under exigent circumstances.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record